IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INTUMESCENT TECHNOLOGIES, LLC, ) ) Plaintiff, ) ) v. ) ) SPECIFIED TECHNOLOGIES, INC., ) ) Defendant. ) _____ ) | Civil Action File No. 1:11-cv-0441-AT |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

INTUMESCENT TECHNOLOGIES, LLC, Plaintiff or Intumescent herein, and SPECIFIED TECHNOLOGIES, INC., Defendant or Specified herein, pursuant to Rule 16.2 of the Local Rules, file this Joint Preliminary Report and Discovery Plan and state as follows:

**1. Description of Case:**

**(a) Describe briefly the nature of this action.**

By Plaintiff:

Plaintiff Intumescent Technologies, LLC brings this patent infringement action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338 against Defendant Specified Technologies, Inc., alleging that Specified manufactures, sells and offers to sell a

product it calls SpecSeal® Power Shield™ that infringes Intumescent's patent directed to a method for suppressing electrical fires in an electrical box – United States Patent No. 6,252,167 B1 (the "167 patent") entitled "System and Method for Suppressing Fire in Electrical Boxes." Specified has denied that its activities constitute infringement of the '167 patent and contends that the '167 patent is invalid and unenforceable.

By Defendant:

Plaintiff has brought this action accusing Defendant of committing acts of contributory infringement and inducement of infringement of the '167 Patent, as a result of its manufacture and sale of its SpecSeal® Power Shield™ product. Defendant has pleaded various defenses and affirmative defenses including non-infringement, patent invalidity, patent unenforceability, laches, equitable estoppel and acquiesce. Defendant Specified has filed a counterclaim seeking a declaratory judgment that the asserted patent is invalid and that Defendant's accused product does not infringe Plaintiff's patent.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

By Plaintiff:

Intumescent presently holds the rights to U.S. Patent No. 6,252,167 B1 (the "167 patent" or "'167"), which provides a method for suppressing electrical fires in

an electrical box by having an intumescent material applied to a support then mounted inside the electrical box; the material expands in a fire event, preventing its spread. The '167 patent was first issued to inventor Elmer Rose on June 26, 2001. An assignment to Intumescent from Rose was executed on July 22, 2002 and was recorded on June 5, 2007 at Reel/Frame No. 019365/0778 and on October 22, 2008 at Reel/Frame No. 021719/0206.

Shortly before inventor Rose's assignment to Intumescent was executed, in about May 2002, Rose received correspondence from an attorney named John Kane with the law firm of Sperry, Zoda, and Kane, requesting information about licensing the '167 patent. The law firm of Sperry, Zoda, and Kane has represented Specified in other patent related matters; based on this relationship and Intumescent's fruitless search of publicly available records for other Sperry, Zoda, and Kane client who might have an interest in '167, Intumescent believes that this letter was sent on Specified's behalf.

After unsuccessfully trying to acquire a license to the '167 patent, Specified launched its own product based on '167: the SpecSeal® Power Shield™. The SpecSeal® Power Shield™ is composed of an intumescent material spread over foil, film, or some other material and intended to be placed behind the plate of an electrical box, electrical switch, or power receptacle to prevent the spread of

electrical fires. In the product specification for the SpecSeal® Power Shield™, Specified provides detailed instructions on how to install the SpecSeal® Power Shield™ to an electrical plate cover for an electrical box, which, if followed, results in direct infringement of '167 by the end-user. Specified's SpecSeal® Power Shield™ is available for sale through its distributors and retailers throughout the United States, including in the State of Georgia.

By Defendant:

In this lawsuit Plaintiff has asserted that Defendant Specified is liable for infringing U.S. Patent 6,252,167 ('167 Patent), because Defendant's accused product, a pad of intumescent material sold under the name Spec Seal® Power Shield™, has no use by its customers or end-users, other than to infringe the system and method claims of the '167 Patent. The instructions provided by Defendant Specified with its product do not instruct customers or end-users to use the product in the manner required by the '167 Patent claims and established authorities confirm that Defendant's product does not perform in the manner required in the claims.

Defendant Specified has been selling its Spec Seal® Power Shield™ product for many years, without any accusation from Plaintiff that its activities infringe the '167 Patent. Plaintiff's inexcusable delay in asserting its patent has prejudiced

Defendant. Also, Defendant has been continuously aware of early products marketed in the 1980's and 1990's that render the '167 Patent invalid. Several of Defendant's own employees were personally involved in the development and/or use of such early products and those products were never considered by the United States Patent and Trademark Office when it examined the patent application that issued as the '167 Patent.

**(c) The legal issues to be tried are as follows:**

By the Plaintiff:

1. Whether Defendant is liable to Intumescent for inducing infringement of the '167 patent.

2. Whether Defendant is liable to Intumescent for contributory infringement of the '167 patent.

3. For each count Defendant is found liable, what money damages should Intumescent recover?

4. For each count Defendant is found liable, what non-monetary relief is Intumescent entitled to?

By the Defendant:

1. Whether the '167 Patent is invalid for failing to comply with the patent statute, e.g., 35 U.S.C. §§ 101, 102, 103 and 112.

2. Whether Specified is liable for inducing infringement of the '167 Patent under 35 U.S.C. § 271(b), as a result of its manufacturing, marketing and selling of the product under the name Spec Seal® Power Shield™.

3. Whether Specified is liable for contributory infringement of the '167 Patent under 35 U.S.C.§ 271(c) as a result of the manufacturing, marketing and selling of the product under the name Spec Seal® Power Shield™.

4. Whether Plaintiff's claim for past damages for patent infringement are barred by the doctrine of laches.

5. Whether Plaintiff's claim for past and future damages is barred by equitable estoppel and/or acquiescence.

6. Whether Plaintiff's acts in asserting the '167 Patent constitute a misuse of the '167 Patent rendering it unenforceable.

7. Whether Specified is entitled to recover monetary damages and its attorneys fees, and if so, the amount of money damages that should be awarded to Specified.

**(d)  The cases listed below (include both style and action number) are:**

(1)  **Pending Related Cases:**                                 None.

(2)  **Previously Adjudicated Related Cases:**

        a.      *Intumescent Technologies, Inc. v. RectorSeal Corp.*, Northern District of Georgia, Case No. 1:10-cv-1794-WSD (resolved prior to Answer being filed)

**2.** **This case is complex because it possesses one (1) or more of the features listed below (please check):**

\_\_\_\_ (1) Unusually large number of parties
_x_ (2) Unusually large number of claims or defenses
_x_ (3) Factual issues are exceptionally complex
_x_ (4) Greater than normal volume of evidence
\_\_\_\_ (5) Extended discovery period is needed
_x_ (6) Problems locating or preserving evidence
\_\_\_\_ (7) Pending parallel investigations or action by government
_x_ (8) Multiple use of experts
\_\_\_\_ (9) Need for discovery outside United States boundaries
\_\_\_\_ (10) Existence of highly technical issues and proof

**3.** **Counsel**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    Plaintiff:        David M. Lilenfeld
                      Lilenfeld PC
                      Buckhead Centre
                      2964 Peachtree Road N.W., Suite 720
                      Atlanta, Georgia 30305
                      (404) 201-2520 - telephone
                      (404) 393-9710 - facsimile

    Defendant:    Arnold I. Rady
                      Lerner David Littenberg Krumholz & Mentlik, LLP
                      600 South Avenue West
                      Westfield, NJ 07090

(908) 518-6378 – telephone
(908) 654-7866 – facsimile

**4.      Jurisdiction:**

Is there any question regarding this court's jurisdiction?

_____ Yes __X__ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.      Parties to This Action:**

(a)    The following persons are necessary parties who have not been joined:

None.

(b)    The following persons are improperly joined as parties:

None.

(c)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.      Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:

None at this time, but Parties reserve the right to amend Pleadings provided they do so within the timeframe set forth in Paragraph 6(b), below.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: Within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures.**

The Parties are required to serve Initial Disclosures in accordance with Fed.R.Civ.P. 26 and jointly request that the Court extend the deadline for the filing of Initial Disclosures until October 7, 2011. This additional time is requested so that the Parties can continue their settlement discussions. The Parties add that they will soon be exchanging relevant documents informally.

If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection:

None.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The Parties do not request a scheduling conference at this point.

**10.    Discovery Period:**

The Parties attach as Appendix A, for the convenience of the Court, a schedule that the Parties propose for this case. The Parties jointly request that the discovery period commence on October 14, 2011, instead of August 26, 2011, as it would under LR 26.2(A). This request is made to give the Parties an opportunity to exchange documents and discuss settlement. As stated in LR 26.2(A), responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing. As this case falls into the Patent category of LR Appendix F, it should be assigned to the eight (8)-month discovery period.

Please state below the subjects on which discovery may be needed:

<u>By Plaintiff</u>:

Plaintiff will seek discovery related to its claims. This will include information about Defendant's knowledge of the '167 patent, any attempt by Defendant to license the '167 patent and Defendant's product the SpecSeal® Power Shield™. Plaintiff will also seek discovery on Defendant's business practices, sales

information and the size of their business.

By Defendant:

Defendants will seek discovery to support its pleaded defenses which relate to the invalidity of the '167 Patent, non-infringement of its accused product and equitable and other defenses including laches, equitable estoppel, acquiescence and misuse of the patent. With respect to the invalidity of the '167 Patent, Defendants presently contemplate extensive discovery of third parties, outside the jurisdiction of this Court, to establish prior art defenses based on the failure of the patent to comply with 35 U.S.C. §§ 102 and 103. Since the events of prior art occurred in the 1980's and 1990's, this could create the need for extensive discovery to locate and establish such evidence. Third party discovery may also be required to establish other invalidity defenses and non-infringement defenses.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

None.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The Parties may need additional time for depositions of some individuals beyond the seven (7)-hour day permitted by Fed.R.Civ.P. 30(d)(1). The twenty-five (25) written interrogatory limit of Fed.R.Civ.P. 33(a)(1) appears at this time to be sufficient, but the Parties reserve the right to seek leave to serve additional interrogatories pursuant to that Rule.

(b) Is any party seeking discovery of electronically stored information?

\_\_\_x\_\_\_ Yes  _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

Each Attorney will speak to his Client regarding what ESI exists, where it is stored and what period of time's ESI could be produced.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The Parties agreed to produce ESI in an electronic format, to the extent

available, and may use FTP sites if production will yield a high volume of documents.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The Parties have agreed upon a "Stipulated Protective Order," and it is being filed with the Court with this Joint Preliminary Report and Discovery Plan.

Again, the Parties respectfully request that that the deadline for the filing of their Initial Disclosures be extended until October 7, 2011. The Parties also request that the discovery period commence on October 14, 2011, instead of August 26, 2011, as it would under LR 26.2(A). Finally, attachment C proposes extended dates for the deadlines under the Local Patent Rules based on the October 14, 2011 discovery commencement date.

**13.   Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on **August 12, 2011** and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

> For Plaintiff:   Lead counsel (signature): *s/David M. Lilenfeld*
>
> Other participants: None.
>
> For Defendant:   Lead counsel (signature): *s/Arnold I. Rady*
>
> Other participants: None.

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

( x ) A possibility of settlement before discovery. <u>The Parties developed a plan for prioritizing information and documents so as to facilitate settlement discussions.</u>
(___) A possibility of settlement after discovery.
(___) A possibility of settlement, but a conference with the judge is needed.
(___) No possibility of settlement.

(c) Counsel ( x ) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case:

None.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (____) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 2010.

(b) The parties ( x ) do not consent to having this case tried before a magistrate judge of this court.

This 26th day of August, 2011.

| | |
|---|---|
| *s/David M. Lilenfeld* | *s/Arnold I. Rady* |
| David M. Lilenfeld | Arnold I. Rady |
| Georgia Bar No. 452399 | NJ Bar No. 015902009 |
| Attorney for Plaintiff | Attorney for Defendant |
| Lilenfeld PC | Lerner David Littenberg Krumholz & Mentlik, LLP |
| 2964 Peachtree Road N.W., Suite 720 | 600 South Avenue West |
| Atlanta, Georgia 30305 | Westfield, NJ 07090 |
| (404) 201-2520 – telephone | (908) 518-6378 - telephone |
| (404) 393-9710 - facsimile | (908) 654-7866 – facsimile |
| David@LilenfeldPC.com | ARady@LDLKM.com |

*s/Robert E. Rigrish*
Robert E. Rigrish
Georgia Bar No. 605573
Attorney for Defendant
Bodker Ramsey Andrews Winograd & Wildstein, P.C.
One Securities Centre
3490 Piedmont Road, Suite 1400
Atlanta, Georgia 30305-4808
(404) 351-1615 (phone)
(404) 352-1285 (fax)
rrigrish@brawwlaw.com

## Attachment A

| DEADLINE | LOCAL PATENT RULE | PROPOSED DATE |
|---|---|---|
| **Disclosure of Infringement Contentions** – by Plaintiff claiming patent infringement | 4.4(a) | November 14, 2011 |
| **Disclosure of Invalidity Contentions** – by Defendant Specified seeking patent invalidity | 4.4(a) | November 14, 2011 |
| **Disclosure of Plaintiff's Response To Defendant's Invalidity Contentions** | 4.4(b) | December 14, 2011 |
| **Disclosure of Defendant's Response To Plaintiff's Infringement Contentions** – | 4.4(b) | December 14, 2011 |
| **Exchange of Proposed Terms** | 6.1 | January 3, 2012 |
| **Exchange of Preliminary Constructions** | 6.2 | January 23, 2012 |
| **Preliminary Identification of Extrinsic Evidence** | 6.2 | January 23, 2012 |
| **Joint Claim Construction Statement** | 6.3 | February 21, 2012 |
| **Complete Claim Construction Discovery** | 6.4 | March 7, 2012 |
| **Claim Construction Briefs** | 6.5(a) | April 6, 2012 |
| **Responsive Brief and** | 6.5(b) | April 26, 2012 |

| **Supporting Evidence** | | |
|---|---|---|
| **Discovery after Claim Construction** | 6.7 | If the Court issues claim construction ruling with fewer than 30 days left for discovery, the parties shall have an additional 45 days for discovery after the Court files and serves its claim construction ruling. |
| **Discovery Ends** | | June 14, 2012 |
| **Disclosure of Experts and Expert Reports** – on issues on which party bears burden of proof | 7.1(b) | July 16, 2012 (first workday after July 14, 2012 30-day mark) **OR** 30 days after close of discovery after claim construction |
| **Disclosure of Experts and Expert Reports** – on issues on which opposing party bears burden of proof | 7.1(c) | August 15, 2012 **OR** 30 days after first expert disclosures following LPR 6.7 extended discovery |
| **Disclosure of Experts and Expert Reports** – rebuttal expert witnesses | 7.1(d) | August 27, 2012 (first workday after August 25, 2012 10-day mark) **OR** 10 days after second expert disclosures following LPR 6.7 extended discovery |
| **Depositions of Expert Witnesses Commence** | 7.2 | September 4, 2012 (first workday after September 3, 2012 seven-day mark) **OR** seven days after rebuttal expert disclosures following LPR 6.7 extended discovery |
| **Deposition of Expert Witnesses Complete** | 7.2 | October 4, 2012 **OR** 30 days after commencement of deposition period following LPR 6.7 extended discovery |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INTUMESCENT TECHNOLOGIES, LLC, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SPECIFIED TECHNOLOGIES, INC., )<br>)<br>    Defendant. )<br>_____ ) | Civil Action File<br>No. 1:11-cv-0441-AT |

# **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____
_____
_____
_____
_____
_____
_____.

IT IS SO ORDERED, this _____ day of _____, 2011.


                                                       _____
                                                       AMY TOTENBERG
                                                       United States District Judge