IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

INTUMESCENT TECHNOLOGIES,
LLC,
         Plaintiff,

         v.

SPECIFIED TECHNOLOGIES, INC.

         Defendant.

:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.
1:11-CV-441-AT

## **ORDER**

This matter is currently before the court on the parties' Stipulated Protective Order [Doc. No. 13]. After careful review and consideration, the court ADOPTS in part and AMENDS in part the proposed Stipulated Protective Order [Doc. No. 13]. More specifically, the court amends Paragraph 10 of the proposed Stipulated Protective Order.

In Paragraph 10, the parties address the procedure for filing material marked "CONFIDENTIAL" under seal in this matter. The court hereby amends Paragraph 10 to provide the following with regard to filing documents under seal in this matter:

As a general matter, this court will seal only those items enumerated in the court's Standing Order 04-02 regarding sensitive information

and public access to electronic case files. If a party has very good cause to request sealing of material marked or identified as "CONFIDENTIAL," the party shall first present directly to Judge Totenberg's chambers a sufficiently supported motion to file under seal. Further, the party shall indicate by entry of a "notice" on the CM/ECF docket that a motion to seal has been presented to the chambers. Attached to the motion should be the material desired to be sealed.[1] The court will then review the material in camera and make a decision whether to grant or deny the motion to seal. If the court determines that the motion is to be granted, the court will forward the motion, a signed order, and accompanying materials to the clerk of the court for entry of the motion on CM/ECF docket and appropriate filing of the sealed materials. If the court determines that the motion is to be denied, then the court will contact the filing party, which may then retrieve the motion/materials and determine whether it wants to file the document without a seal.

---

[1] As further clarification, the court notes that a mere reference or discussion of confidential information does not warrant the entire document and all attachments to be filed under seal. Instead, the court is only interested in sealing (or filing in a redacted format) very specific portions of documents that contain or refer to confidential information as defined by Paragraph 2 of the Stipulated Protective Order .

It is so ORDERED this _29th_ day of August, 2011.

Amy Totenberg
United States District Judge

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

INTUMESCENT TECHNOLOGIES, LLC, )
)
    Plaintiff, )
)    Civil Action File
v. )    No. 1:11-cv-0441-AT
)
SPECIFIED TECHNOLOGIES, INC., )
)
    Defendant. )
_____ )

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above-captioned matter that:

1.    Discovery in the above-captioned action is likely to involve the disclosure by each of the parties of confidential information.

2.    Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil

Procedure and Local Patent Rule 2. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL — SUBJECT TO STIPULATED PROTECTIVE ORDER" (hereinafter "Confidential").

3.     Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive technical, scientific, research, financial, sales, customer, or other business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY — SUBJECT TO STIPULATED PROTECTIVE ORDER" (hereinafter "Attorneys' Eyes Only").

4.     All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in this Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.  It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential or Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Confidential or Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

5.     Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

a.  Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

b.  Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d. The Court and court personnel;

e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g. Designated corporate executives of the parties who are required to participate in decisions with reference to this lawsuit, limited to five (5) for each party, who will be identified in advance to the opposing

party and who will sign a copy of the non-disclosure agreement in the form attached hereto as Exhibit A.

6. Confidential material shall be used only by individuals permitted access to it under Paragraph 5, and only for the purposes permitted in Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

7. With respect to any depositions that involve a disclosure of Confidential or Attorneys' Eyes Only material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 5(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 5(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential or Attorneys' Eyes Only, all parties shall immediately

cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 2, 3, and 7. If during the course of a deposition any question is asked of the deponent that may elicit testimony that contains Confidential or Attorneys' Eyes Only information and counsel for the responding party so notifies opposing counsel at that time, then any individual who is not entitled to access to such Confidential or Attorneys' Eyes Only information under the terms of this Stipulated Protective Order must, upon request, absent himself or herself from the deposition until such questioning about Confidential or Attorneys' Eyes Only information has been concluded.

8.     Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel of record in this litigation for the receiving party and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court. Attorneys' Eyes Only material shall be used only for the purposes permitted in Paragraph 4.

9.     If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall

describe with particularity the documents or information in question and shall state the grounds for objection.  Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation(s) will be deemed to be void.  If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation.  The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

10.    All requests to seal documents filed with the Court shall comply with Local Civil Rules and applicable Standing Orders, if any.

11.     If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

12.     To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time after disclosure.  Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Stipulated Protective Order.

13.     When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal

Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

14. No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Stipulated Protective Order.

15. This Stipulated Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground, or otherwise to move for a protective order regarding the requested discovery. This Stipulated Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

16. When a party wishes to designate as Confidential or Attorneys' Eyes Only a document, thing or information to, from, of and/or concerning such party but produced by someone other than that party, such designation shall be made:

(a) within ten (10) days after the date on which that party receives a copy of the document, thing or information that has been produced; and (b) by notice to all parties to this action, identifying with particularity the designated document, thing or information. The receiving party or parties shall thereafter treat the document, thing or information as Confidential or Attorneys' Eyes Only, as applicable. When possible, documents, things or information produced by third parties in this action shall be reviewed by the party or parties whose Confidential or Attorneys' Eyes Only material or potentially privileged communications they may contain before production to the requesting party, for identification of Confidential, Attorneys' Eyes Only or potentially privileged material and designation pursuant to this Stipulated Protective Order.

17.     Each individual permitted access to Confidential or Attorneys' Eyes Only material agrees to submit to the jurisdiction of this Court for the purpose of enforcement of this Stipulated Protective Order, whether prior to or following the completion of this action. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or person affected by this Stipulated Protective Order to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Stipulated Protective Order.

18.     Nothing in this Stipulated Protective Order shall limit any party or person in the use of its own documents, things or information for any purpose, or from disclosing or consenting to the disclosure of its own Confidential or Attorneys' Eyes Only material to any person.

19.     This Stipulated Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

20.     Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to destroy or to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential or Attorneys' Eyes Only material and to destroy, should such source so request, all copies of Confidential or Attorneys' Eyes Only material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential or Attorneys' Eyes Only material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Stipulated Protective Order.   To the extent a party requests the return of Confidential or Attorneys' Eyes Only material from the Court after the final conclusion of the litigation, including the exhaustion

of all appeals therefrom and all related proceedings, the party shall file a motion

seeking such relief.

LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:  908.654.5000
Fax:  908.654.7866
E-mail: arady@ldlkm.com
      litigation@ldlkm.com

*Attorneys for Defendant*
  *Specified Technologies, Inc.*

By    *s/Arnold I. Rady*
       Arnold I. Rady
Dated August 26, 2011

LILENFELD PC
2964 Peachtree Road N.W., Suite 720
Atlanta, GA 30305
Tel:  404.201.2520
Fax:  404.393.9710
E-mail: david@lilenfeldpc.com

*Attorneys for Plaintiff*
  *Intumescent Technologies, Inc.*

By    *s/David M. Lilenfeld*
       David M. Lilenfeld
Dated August 26, 2011

BODKER RAMSEY ANDREWS
  WINOGRAD & WILDSTEIN, P.C.
One Securities Centre
3490 Piedmont Road, Suite 1400
Atlanta, Georgia 30305-4808
Tel:  404.351.1615
Fax:  404.352.1285
E-mail: rrigrish@brawwlaw.com

*Attorneys for Defendant*
  *Specified Technologies, Inc.*

By    *s/Robert E. Rigrish*
       Robert E. Rigrish
Dated August 26, 2011

**SO ORDERED:**

Dated_____          _____
      Atlanta, Georgia          Amy Totenberg
                                   United States District Judge

Exhibit A to Stipulated Protective Order

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

INTUMESCENT TECHNOLOGIES, LLC, )
                                      )

       Plaintiff,               )

                                        )      Civil Action File
v.                                          )      No. 1:11-cv-0441-AT

                                        )
SPECIFIED TECHNOLOGIES, INC., )

                                        )

       Defendant.           )
_____ )

## <u>AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER</u>

I, _____, being duly sworn, state that:

1.       My address is _____.

2.       My present employer is _____ and the address of my present employment is _____.

3.       My present occupation or job description is _____.

4.       I have carefully read and understood the provisions of the Stipulated Protective Order in this case signed by the Court, and I will comply with all provisions of the Stipulated Protective Order.

5.       I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any Confidential or Attorneys' Eyes Only

Material or any words, summaries, abstracts, or indices of Confidential or Attorneys' Eyes Only Information disclosed to me.

6.     I will limit use of Confidential or Attorneys' Eyes Only Material disclosed to me solely for purpose of this action.

7.     No later than the final conclusion of the case, I will return all Confidential or Attorneys' Eyes Only Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____

_____

[Name]